IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


RUTH LEWIS; LINDA HAYES COULTER;
JAMES HAYES; JOHN KEYES; VERRIS
MAGEE; ROBERT MAGEE; JIMMIE
BAGGETT AND GLEN ROGERS

VS.                                                          CIVIL ACTION NO. 2:07cv47-KS-MTP

KINDER MORGAN SOUTHEAST TERMINALS, LLC;
JOHN HAYNES, GREG DEMPSEY AND JOHN DOES 1-40

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on [2] Motion to Remand filed by plaintiffs requesting this Court to return this case to the Circuit Court of Covington County from whence it came, [4] Response thereto filed by defendant Kinder Morgan Southeast Terminals, LLC, and the Court having considered the Motion, Response, applicable authorities and being fully advised in the premises does hereby find, that the Motion to Remand should be **denied** for the hereinafter stated reasons.

On February 2, 2007, plaintiffs Ruth Lewis, Linda Hayes Coulter, James Hayes, John Keyes, Verris Magee, Robert Magee, Jimmie Baggett and Glen Rogers (hereinafter "Plaintiffs") filed an action against Kinder Morgan Southeast Terminals, LLC, John Haynes, Greg Dempsey and 40 John Doe Defendants (hereinafter "Defendants") alleging various torts against Defendants that resulted in a pipeline leak and damages to their real property and resulting personal injuries. Kinder Morgan Southeast Terminals, LLC (hereinafter "Kinder Morgan") is the owner and operator of the pipeline in question and John Haynes and Greg Dempsey are the terminal

managers. Kinder Morgan is a Delaware corporation, having as its principal place of business the State of Georgia. John Haynes is a citizen of the State of Mississippi and Greg Dempsey (not yet served with process) is a resident citizen of the State of Georgia. All Plaintiffs except Verris Magee and Robert Magee are residents of Mississippi. Veris Magee is a resident of Florida and Robert Magee is a resident of Texas.

In the removal petition Defendants allege that John Haynes is fraudulently joined as a defendant and without the joinder of Haynes complete diversity exists and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 and 1441. The amount in controversy meets the jurisdictional limits of this Court is not an issue.

Plaintiffs' Motion for Remand insists that Haynes is properly joined and, therefore, complete diversity does not exist, preventing this Court from taking jurisdiction over this case. In their Motion to Remand Plaintiffs restate, without citing any facts, the allegations of the Complaint as it relates to Haynes.

## APPLICABLE LAW

The law in this circuit as to fraudulent joinder is well-settled. The removing party can establish that a defendant in an action has been fraudulently joined by demonstrating:

(1) that there has been fraud in the pleading of jurisdictional facts;

(2) that there is no possibility that the Plaintiffs would be able to establish a cause of action against the non-diverse defendant in state court; or

(3) that the facts asserted with respect to the non-diverse defendant are so clearly false as to reflect that no factual basis existed for any honest belief on the part of the plaintiff that there was joint liability. *Dodson v. Spiliada Maritime Corp.*, 951 F.

2d 40, 42 (5th Cir. 1992).

Defendants choose to rely on Number 2 above. It is well-settled that the party alleging fraudulent (now improper) joinder has a heavy burden. The Fifth Circuit has recently clarified this issue stating that the defendant must demonstrate that there is "no reasonable basis" for predicting that the plaintiff will recover in state court. *Travis v. Irby*, 326. F. 3d 644, 647 (5th Cir. 2003).

## ANALYSIS

Plaintiffs must show in its pleadings, or other summary judgment type evidence presented to this Court, that there is some reasonable dispute as to a fact that, if established would demonstrate a reasonable possibility of recovery against the non-diverse defendant. In the brief Motion to Remand Plaintiffs regurgitated the allegations of the Complaint without giving any facts, which would tend to establish liability of the non-diverse defendant. The non-diverse defendant is an employee of Kinder Morgan, and in order to be personally liable it must be shown that he has some direct participation in a tort. The Plaintiffs' allegations in the motion are speculative and conclusive and allege no facts that would show either direct or personal participation of the non-diverse defendant Haynes. This absence of facts that were pled was pointed out by the Defendants in the Response to the Motion to Remand and no Reply pointing to facts establishing personal liability of Haynes was presented by Plaintiffs.

For the reasons above stated, this Court finds that no factual allegations are in the Complaint or have been asserted by the Plaintiffs that would show any personal participation in the tort by defendant Haynes. The allegations against him are vague and conclusory and this Court finds that, based on the pleadings and evidence that is before this Court, that the Plaintiffs

would have no possibility of establishing a cause of action against Haynes in state court and that Haynes was wrongfully joined to defeat diversity.  See *Addison v. Allstate Insurance Company*, 58 F. Supp. 2d 729 (S.D. Miss. 1999) citing *Scaffedy v. Thompson-Hayward Chem.*, *Inc.,* No. 94-3860, 1995 W.L. 341569, *3 (E.D. La. June 6, 1995).

For the above reasons, the Court finds that defendant Haynes was wrongfully joined and the Motion to Remand **denied.**

The parties are directed to contact Magistrate Judge Michael T. Parker within ten (10) days of the date of this order regarding scheduling a case management conference.

SO ORDERED this, the 13th day of June, 2007.

>  *s/Keith Starrett*
>  UNITED STATES DISTRICT JUDGE